UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS; and §<br>THE HERITAGE FOUNDATION, §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>EQUAL EMPLOYMENT §<br>OPPORTUNITY COMMISSION, *et al.*, §<br>§<br>*Defendants*. §<br>§ | CIVIL ACTION NO. 2:24-CV-173-Z |

**[Proposed] ORDER**

Before the Court is Plaintiffs State of Texas's and The Heritage Foundation's Motion for Summary Judgment Against Defendants EEOC, Charlotte A. Burrows, and Merrick B. Garland. Having considered the Motion, any opposition, and the applicable law, the Court finds that Plaintiffs' Motion should be and is hereby **GRANTED**.

The Court **DECLARES** that, for purposes of the declaratory and injunctive relief in this Order, Plaintiff the State of Texas includes the State's instrumentalities, agencies, public colleges and universities, and political subdivisions, including those listed in Tex. Gov't Code §§ 2151.002, 2254.021(4–6), and 40 Tex. Admin. Code § 821.4.

The Court **DECLARES** the rights and legal relations between the State of Texas and The Heritage Foundation in relation to Defendants Equal Employment Opportunity Commission, Charlotte A. Burrows (in her official capacity as Chairman of the Equal Employment Opportunity Commission), and Merrick B. Garland (in his official capacity as Attorney General of the United States) as follows:

(1) The provision of Title VII of the Civil Rights Act of 1964 applicable to private and State employers, 42 U.S.C. § 2000e-2(a)(1), does not require employers to allow employees to comply with dress or grooming policies based on gender identity rather than biological sex;

(2) The provision of Title VII of the Civil Rights Act of 1964 applicable to private and state employers, 42 U.S.C. § 2000e-2(a)(1), does not require employers to allow employees to use bathrooms, locker rooms, or showers based on gender identity rather than biological sex;

(3) The provision of Title VII of the Civil Rights Act of 1964 applicable to private and State employers, 42 U.S.C. § 2000e-2(a)(1), does not require employers to allow employees to demand that they be referred to by pronouns, names, titles, or honorifics based on gender identity rather than biological sex.

(4) The decisions of EEOC applying the provision of Title VII applicable to federal employers, 42 U.S.C. § 2000e-16(a), are not applicable to the separate provision governing state or private employers, 42 U.S.C. §§ 2000e-2(a)(1).

The Court further **PERMANENTLY ENJOINS** Defendants Equal Employment Opportunity Commission, Charlotte A. Burrows (in her official capacity as Chairman of the Equal Employment Opportunity Commission), and Merrick B. Garland (in his official capacity as Attorney General of the United States) and any of their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from:

(5) Interpreting, applying, or enforcing (including by denying federal financial assistance or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions) the provision of Title VII of the Civil Rights Act of 1964 applicable to private and state employers, 42 U.S.C. § 2000e-2(a)(1), as requiring the State of Texas or The Heritage Foundation to allow employees to comply with dress or grooming policies based on gender identity rather than biological sex;

(6) Interpreting, applying, or enforcing (including by denying federal financial assistance or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions) the provision of Title VII of the Civil Rights Act of 1964 applicable to private and state employers, 42 U.S.C. § 2000e-2(a)(1), as requiring the State of Texas or The Heritage Foundation to allow employees to use bathrooms, locker rooms, or showers based on gender identity rather than biological sex;

(7) Interpreting, applying, or enforcing (including by denying federal financial assistance or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions) the provision of Title VII of the Civil Rights Act of 1964 applicable to private and state employers, 42 U.S.C. § 2000e-2(a)(1), as requiring the State of Texas or The Heritage Foundation to allow employees to demand that they be referred to by pronouns, names, titles, or honorifics based on gender identity rather than biological sex;

(8) Relying on decisions of EEOC applying the provision of Title VII applicable to federal employers, 42 U.S.C. § 2000e-16(a), to pursue, charge, or assess any penalties, fines, assessments, investigations, or other enforcement actions (including by denying federal financial assistance) against the State of Texas or The Heritage Foundation.

The Court further **VACATES** and **SETS ASIDE** the guidance document titled *Enforcement Guidance on Harassment in the Workplace* issued by EEOC on April 29, 2024, EEOC-CVG-2024-1.

**SO ORDERED**.

_____, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE